UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOY PRESTA,

                Plaintiff,

v.

                6:13-CV-1207
                (GTS/TWD)

JEFFREY GRESSLER, Individually and as Member of
Council of City of Little Falls; JAMES W. WALLACE,
Herkimer Cnty. Adm'r; and CAROLE L. LaLONDE,
Clerk of Herkimer Cnty. Legislature,

                Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

THE LAW OFFICE OF ROBERT L. BEEBE, LLC               ROBERT L. BEEBE, ESQ.
  Counsel for Plaintiff
514 Vischers Ferry Road
Clifton Park, NY 12065

LEMIRE, JOHNSON & HIGGINS, LLC                       GREGG T. JOHNSON, ESQ.
  Counsel for Defendants Wallace and LaLonde         APRIL J. LAWS, ESQ.
2534 Route 9, P.O. Box 2485
Malta, NY 12020

CARTER, CONBOY, CASE, BLACKMORE,                     MICHAEL J. MURPHY, ESQ.
MALONEY & LAIRD, P.C.
  Counsel for Defendant Gressler
20 Corporate Woods Boulevard
Albany, NY 12211-2362

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this employment civil rights action filed by Joy Presta

("Plaintiff") against the three above-captioned municipal employees, is a motion for judgment on

the pleadings pursuant to Fed. R. Civ. P. 12(c) filed by James W. Wallace and Carole L.

LaLonde ("the County Defendants"). (Dkt. No. 15.) For the reasons set forth below, the County Defendants' motion is granted.

I.     **RELEVANT BACKGROUND**

    A.     **Plaintiff's Claims**

Generally, Plaintiff's Complaint alleges that, between approximately May 22, 2012, and January 9, 2013, all three Defendants caused her to be terminated from her full-time position with the County of Herkimer (pursuant to which she served as the acting Tax Assessor of the City of Little Falls at a yearly salary of $39,886 plus benefits), and re-appointed to a part-time position with the City of Little Falls (pursuant to which she served as the official Tax Assessor of the City of Little Falls at a yearly salary of $14,560 within benefits), because she determined that three "YMCA properties" partially owned by Defendant Gressler did not qualify for the tax exemption that they had been receiving. (*See generally* Dkt. No. 1, Attach. 1, at ¶¶ 1-42 [Plf.'s Compl.].)

Based on these factual allegations, and liberally construed, Plaintiff's Complaint asserts the following four claims: (1) a claim of tortious interference with contract against Defendant Gressler, under New York State common law; (2) a claim of defamation against all Defendants, under New York State common law; (3) a claim of intentional infliction of emotional distress against all Defendants, under New York State common law; and (4) a due process "stigma plus" claim against all Defendants, under the Fourteenth Amendment of the United States Constitution and Article 1, § 6 of New York State Constitution. (*Id.* at ¶¶ 43-61.)

Familiarity with these claims, and the factual allegations supporting them, is assumed in this Decision and Order, which is intended primarily for the review of the parties. (*Id.*)

### B. Parties' Briefing on County Defendants' Motion

#### 1. County Defendants' Memorandum of Law in Chief

Generally, in support of their motion for judgment on the pleadings, the County Defendants assert five arguments. (*See generally* Dkt. No. 15, Part 1 [Defs.' Memo. of Law].)

First, argue the County Defendants, Plaintiff's two New York State common-law tort claims against the County Defendants (i.e., her claims of defamation and intentional infliction of emotional distress) must be dismissed, because she failed to timely serve a notice of claim upon the County as required by New York County Law § 52 and New York General Municipal Law § 50-i, and she failed to affirmatively plead in her Complaint that she complied with the notice-of-claim requirement. (*Id*. at 8-10 [attaching pages "4" through "6" of Defs.' Memo. of Law].)

Second, argue the County Defendants, in the alternative, Plaintiff's intentional-infliction-of-emotional-distress claim against the County Defendants must be dismissed, because she has failed to allege facts plausibly suggesting any conduct on behalf of the County that was either extreme or outrageous but merely insulting (and, indeed, the documents attached to Plaintiff's Complaint plausibly suggest that the County's decision to eliminate her position was made "due to a lack of funding" and "as a result of the financial challenges presently being encountered by the County," *see* Dkt. No. 1, Attach. 1, at 63, 67). (Dkt. No. 15, Part 1, at 10-11 [attaching pages "6" and "7" of Defs.' Memo. of Law].)

Third, argue the County Defendants, similarly in the alternative, Plaintiff's defamation claim against the County Defendants must be dismissed, because she has failed to allege facts plausibly suggesting either (a) a false and defamatory statement of fact by the County Defendants regarding Plaintiff, or (b) the publication of any such statement to a third party. (*Id*.

at 12 [attaching page "8" of Defs.' Memo. of Law].)

Fourth, argue the County Defendants, Plaintiff's "stigma plus" claim against the County Defendants must be dismissed, because she has failed to allege facts plausibly suggesting that (a) any County Defendant made any stigmatizing statements regarding Plaintiff, or adopted any statements contained in Defendant Gressler's letter of June 5, 2012 (or even that the letter contained any stigmatizing statements), (b) any such stigmatizing statements in the letter were made public, or (c) any such stigmatizing statements in the letter were made concurrently with Plaintiff's dismissal nearly seven months later, on December 28, 2012 (and, indeed, again, the documents attached to Plaintiff's Complaint plausibly suggest that the County's decision to eliminate her position was made for budgetary reasons). (*Id*. at 12-15 [attaching pages "8" through "11" of Defs.' Memo. of Law].) Moreover, argue the County Defendants, the fact that Plaintiff alleges she was hired for a City Position at the same time her County position was abolished is fatal to her "stigma plus" claim, the essence of which is the inability to secure similar employment. (*Id*. at 15-16 [attaching pages "11" and "12" of Defs.' Memo. of Law].)

Fifth, argue the County Defendants, in the alternative, Plaintiff's "stigma plus" claim against them must be dismissed because she has failed to allege facts plausibly suggesting that the County Defendants were acting pursuant to a municipal policy, practice or custom, as required to confer liability on the County pursuant to *Monell v. Dep't of Soc. Servs. of City of NY*, 436 U.S. 658 (1978). (*Id*. at 16-17 [attaching pages "12" and "13" of Defs.' Memo. of Law].)

2. **Plaintiff's Opposition Memorandum of Law**

Generally, in response to the County Defendants' motion, Plaintiff asserts three

arguments. (*See generally* Dkt. No. 19 [Plf.'s Opp'n Memo. of Law].)

First, argues Plaintiff, while admittedly she has failed to timely serve a notice of claim upon the County, dismissal on that ground is not appropriate, because (a) the failure may be corrected by the filing of a late notice of claim if permitted by the original court, (b) she has moved in New York State Supreme Court, Herkimer County, for leave to file late notice of claim (rendering any decision by this Court on that issue premature), and (c) the County Defendants would not be prejudiced by the filing of a late notice of claim in that they have been aware of "the circumstances giving rise to this action for many months." (*Id*. at 3-4 [attaching pages "1" and "2" of Plf.'s Opp'n Memo. of Law].)

Second, argues Plaintiff, her claim of intentional infliction of emotional distress should not be dismissed, because she has alleged facts plausibly suggesting conduct on behalf of the County that was extreme or outrageous, specifically, the fact that (a) she had served in her position with the County for eight years and seven months prior to dismissal, (b) her employment was pursuant to contract, (c) in attempting to eliminate Plaintiff's position, Defendant Gressler "contacted" Defendant Wallace ("[u]pon [Plaintiff's] information and belief"), (d) while the pretext for the elimination for Plaintiff's position was budgetary, the real reason was "the political contacts" of Defendant Gressler, and (e) the elimination of Plaintiff's job caused her emotional distress and "loss of character." (*Id*. at 4-5 [attaching pages "2" and "3" of Plf.'s Opp'n Memo. of Law].)

Third, argues Plaintiff, her "stigma plus" claim should not be dismissed, because she is not required to establish a *prima facie* case for her "stigma plus" claim at this early stage of the action. (*Id*. at 5-6 [attaching pages "3" and "4" of Plf.'s Opp'n Memo. of Law].) Rather, argues

5

Plaintiff, her Complaint sufficiently alleges that the stigmatizing statements in Defendant Gressler's letter of June 5, 2012, were made concurrently with the County Defendants' dismissal of her on December 28, 2012. (*Id.*)

### 3. County Defendants' Reply Memorandum of Law

Generally, in reply to Plaintiff's response, the County Defendants assert five arguments. (*See generally* Dkt. No. 22 [Defs.' Reply Memo. of Law].)

First, argue the County Defendants, Plaintiff has failed to oppose their *Monell* argument, thus lightening their burden such that, in order to succeed on the argument, the argument need only possess facial merit, which it does. (*Id.* at 6-7 [attaching pages "2" and "3" of Defs.' Reply Memo. of Law].)

Second, argue the County Defendants, Plaintiff's notice-of-claim arguments are unavailing because (a) she needed to file the motion in state court before commencing this action, and (b) her equitable arguments do not relieve her of the obligation to affirmatively plead compliance with the notice-of-claim requirement (which she has not done). (*Id.* at 7-8 [attaching pages "3" and "4" of Defs.' Reply Memo. of Law].)

Third, argue the County Defendants, again, because Plaintiff has failed to oppose their arguments regarding her defamation claim, she has lightened their burden such that, in order to succeed on those arguments, the arguments need only possess facial merit, which they do. (*Id.* at 8 [attaching page "4" of Defs.' Reply Memo. of Law].)

Fourth, argue the County Defendants, Plaintiff failed to cite any legal authority supporting her argument that the abolition of her position rose to level of extreme and outrageous conduct (necessary to state a claim of intentional infliction of emotional distress).

(*Id*. at 8-9 [attaching pages "4" and "5" of Defs.' Reply Memo. of Law].) Rather, argue the County Defendants, Plaintiff essentially relies on her subjective reaction to the abolition of her position, which does not satisfy the governing legal standard. (*Id*.)

Fifth, argue the County Defendants, contrary to Plaintiff's arguments, she must indeed allege facts plausibly suggesting sufficient proximity between the "stigma" and the "plus" in order to state a "stigma plus" claim, as evident in the case of *Velez v. Levy*, 401 F.3d 75, 79 (2d Cir. 2005) ("[I]n ascertaining whether a complaint alleges the deprivation of a stigma-plus liberty interest, we need only determine that both 'stigma' and 'plus' are claimed to be sufficiently proximate."). (*Id*. at 9-10 [attaching pages "5" and "6" of Defs.' Reply Memo. of Law].)

## II. RELEVANT LEGAL STANDARDS

### A. Legal Standard Governing Motions for Judgment on the Pleadings

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (collecting cases). For the sake of brevity, the Court will not recite, in this Decision and Order, the legal standard governing dismissals for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (including the standard governing what documents may be considered on a motion pursuant to that rule), but will direct the reader to the Court's decision in *Monreal v. New York*, 11-CV-0075, 2012 WL 2571256, at *2-4 (N.D.N.Y. July 2, 2012) (Suddaby, J.).

### B. Legal Standards Governing Plaintiff's Claims

Because the parties to this action have demonstrated, in their memoranda of law, an

accurate understanding of the relevant points of law contained in the legal standards governing Plaintiff's claims in this action, the Court will not recite, in their entirety, those legal standards in this Decision and Order, which (again) is intended primarily for review by the parties. (*See generally* Dkt. No. 15, Attach. 1 [Defs.' Memo. of Law]; Dkt. No. 19 [Plf.'s Opp'n Memo. of Law]; Dkt. No. 22 [Defs.' Reply Memo. of Law].)

## III. ANALYSIS

### A. Whether Plaintiff's "Stigma Plus" Claim Against the County Defendants Should Be Dismissed

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in the County Defendants' memoranda of law. *See, supra,* Parts I.B.1. and I.B.3. of this Decision and Order. To that analysis, the Court would add six points.

First, the Complaint fails to allege facts plausibly suggesting that the statements made by Defendant Gressler were made public. One of three elements necessary to state a "stigma plus" claim is the dissemination of stigmatizing material. *Guerra v. Jones*, 421 F. App'x 15, 18-19 (2d Cir. 2011). Here, the Complaint alleges that Defendant Gressler's letter of June 5, 2012, was sent to his "Fellow Alderpersons." (Dkt. No. 1, Attach. 1, at ¶ 24 & Ex. 7 [Plf.'s Compl.].) Such a communication does not constitute sufficient dissemination, because it was not publicly circulated or recorded for potential employers to see. *Cf. Valmonte v. Bane*, 18 F.3d 992, 1001 (2d Cir. 1994) (finding that the inclusion of a stigmatizing statement on a central registry made available to potential employers qualified as sufficient dissemination for a stigma-plus claim).

Second, the Complaint fails to allege facts plausibly suggesting that the statements contained in Defendant Gressler's letter of June 5, 2012, were stigmatizing. Another of the elements necessary to state a "stigma plus" claim is that the information being disseminated is

stigmatizing. *Patterson v. City of Utica*, 370 F.3d 322, 330 (2d Cir. 2004). A statement is stigmatizing if it "call[s] into question plaintiff's 'good name, reputation, honor, or integrity.'" *Patterson*, 370 F.3d at 330 (citing *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 447 [2d Cir. 1980]). Here, Defendant Gresslers' statements in his letter of June 5, 2012, were all specific to the isolated instance of Plaintiff's tax assessment of the local YMCA, and did not target Plaintiff's overall professional reputation. (*See, e.g.,* Dkt. No. 1, Attach. 1, at Ex. 7 [Plf.'s Compl.].) As a result, Defendant Gresslers' statements did not impugn Plaintiff's good name, reputation, honor, or integrity such that there was a "significant roadblock in [Plaintiff's] continued ability to practice his or her profession"–as was evident from Plaintiff's subsequent appointment by the City of Little Falls as the official Tax Assessor for the City. (Dkt. No. 1, Attach. 1, at ¶¶ 34, 35, 36 [Plf.'s Compl.].)

Third, the Complaint fails to allege facts plausibly suggesting that any stigmatizing statements were made concurrently with, or in close temporal relationship to, Plaintiff's dismissal.[1] For the sake of brevity, the Court will not linger on the fact that nearly seven months elapsed between the "stigma" and the "plus." *See Martz v. Inc. Vill. of Valley Stream*, 22 F.3d 26, 32 (2d Cir.1994) (finding that allegedly defamatory statements uttered over five months after plaintiff's termination "were not made in the course of dismissal") (internal quotation marks omitted); *Fehlhaber v. Bd. of Educ. of Utica City Sch. Dist.*, 09-CV-1380, 2012 WL 2571302

---

[1] The Court notes that, in the very case relied on by Plaintiff for the point of law that she is not required to establish a *prima facie* case for her "stigma plus" claim at this early stage of the action, the First Circuit hastens to add as follows: "[W]e do not mean to imply that the elements of the prima facie case are irrelevant to a plausibility determination in a discrimination suit. They are not. Those elements are part of the background against which a plausibility determination should be made." *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013).

(N.D.N.Y. July 3, 2012) (Hurd, J.) ("Although there is no bright-line rule, eight months is too attenuated for purposes of a stigma-plus claim."). Nor will the Court linger on the fact that the Complaint alleges facts plausibly suggesting that, at the time her position was abolished, another individual's position was laid off–for reasons that are not alleged to be related to any statements by Defendant Gressler. (Dkt. No. 1, Attach. 1, at ¶¶ 32-33 [Plf.'s Compl.].) More important is the fact that, when viewed together, Plaintiff's Complaint and the accompanying exhibits plausibly suggest that the abolition of her position was caused by the same event that her withdrawal of the YMCA properties tax-exemption was caused by–a "near budgetary crisis." (*See, e.g.,* Dkt. No. 1, Attach. 1, at Ex. 7 [Plf.'s Compl.].)

Fourth, while Plaintiff's Complaint uses the word "retaliation" with regard to her claims pursuant to 42 U.S.C. § 1983 (Dkt. No. 1, Attach. 1, at ¶¶ 59, 61), the Court does not construe the Complaint as attempting to assert a constitutional retaliation claim for three reasons: (1) the Complaint does not allege facts plausibly suggesting any protected speech or conduct;[2] (2) the Complaint's omission to any citation to the First Amendment is conspicuous, given its citation to the Fourteenth Amendment (Dkt. No. 1, Attach. 1, at ¶ 61); and (3) in her opposition memorandum of law, Plaintiff does not challenge the County Defendants' interpretation of her Complaint as *not* asserting such a claim (thus effectively abandoning any such claim).

Fifth, while Plaintiff's Complaint also cites "NY Const., art 1, § 11" among her constitutional claims (Dkt. No. 1, Attach. 1, at ¶ 61), the Court does not construe the Complaint

---

[2]   *Cf. Youker v. Schoenenberger*, 22 F.3d 166, 166-67 (7th Cir. 1994) (finding that plaintiff, a deputy tax assessor, did not engage in protected speech when he notified authorities of his discovery of fraudulent homestead exemptions because he was acting in his employment capacity in identifying and reporting the fraud and there was "simply no evidence that Youker was speaking 'as a citizen' on a matter of public concern").

as attempting to assert an equal protection claim or discrimination claim under Article 1, § 11 of the New York State Constitution, but a "stigma plus" claim under Article 1, § 6 of the New York State Constitution, for two reasons: (1) the Complaint does not allege facts plausibly suggesting that she was treated differently from others similarly situated or that there was any discrimination based on race, color, creed or religion; and (2) in her opposition memorandum of law, Plaintiff does not challenge the County Defendants' interpretation of her Complaint as relying on the New York State Constitution only as an alternative basis for her "stigma plus" claim.

Sixth, the County Defendants are entirely correct that, in this District, when a non-movant fails to oppose a legal argument asserted by a movant in support of a motion, the movant's burden with regard to that argument has been lightened such that, in order to succeed on that argument, the movant need only show that the argument possesses facial merit, which has appropriately been characterized as a "modest" burden.[3] Here, the County Defendants have met their modest burden on their unopposed *Monell* argument.

The Court notes that the reason that the County Defendants' *Monell* argument serves as an alternative basis for the dismissal of the entirety of Plaintiff's "stigma plus" claim against the County Defendants (and not simply the "stigma plus" claim against them in their official capacities) is because, even liberally construed, Plaintiff's Complaint asserts a "stigma plus" claim against them only in their official capacities. The caption of the Complaint conspicuously

---

[3] *See* N.D.N.Y. L.R. 7.1(b) (3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n. 1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL 2473509, at *2 & n. 3 (N.D.N.Y.Aug.7, 2009) (Suddaby, J.) (collecting cases).

omits any reference to suing the County Defendants "individually" (while the caption contains such a reference with regard to Defendant Gressler). (Dkt. No. 1, Attach. 1, at 1.) Similarly, the body of the Complaint is conspicuously devoid of any factual allegations plausibly suggesting a "stigma plus" claim against the County Defendants in their individual capacities. (*See generally* Dkt. No. 1, Attach. 1.)

For all of these reasons, Plaintiff's "stigma plus" claim against the County Defendants is dismissed.

### B. Whether Plaintiff's Defamation Claim Against the County Defendants Should Be Dismissed

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in the County Defendants' memoranda of law. *See, supra,* Parts I.B.1. and I.B.3. of this Decision and Order. To that analysis, the Court would add only two points.

First, again, the County Defendants are correct that, because Plaintiff fails to oppose the County Defendants legal argument challenging her defamation claim against them, their burden has been lightened such that, in order to succeed on that argument, they need only show that the argument possesses facial merit, which they have done.

Second, as an alternative ground for the dismissal of this claim, the Court relies on the County Defendants' notice-of-claim argument. Since filing a motion in state court for leave to file a late notice of claim on or before January 21, 2014 (Dkt. No. 17, at ¶ 8 [Beebe Affirm.]), Plaintiff has filed no status update notifying the Court that the motion was granted (*see generally* Docket Sheet). Moreover, Plaintiff's counsel acknowledges that the extension could not exceed the time limit for the commencement of the action, which here was March 28, 2014 (Dkt. No. 17, at ¶ 6 [Beebe Affirm.]). Under analogous circumstances, federal courts have deemed state law

tort claims barred. *See, e.g., In re Dayton,* 786 F. Supp.2d 809, 825 (S.D.N.Y. 2011) (finding that the state court lacked the power to file a notice of claim after the statute of limitations has expired); *Bowen v. The City of New York*, 09-CV-7585, 2010 WL 5122590, at *5, n.6 (S.D.N.Y. Dec. 10, 2010) (deeming state law claims "likely barred" because, *inter alia*, "the extension of time may not exceed the time limit for commencing the action, . . . and . . . the statute of limitations for Plaintiff's claims has already run"); *Parikh v. New York City Transit Auth.*, 681 F. Supp.2d 371, 382 (E.D.N.Y. 2010) ("[T]he court lacks the power to grant a plaintiff permission to file a notice of claim after the statute of limitations has expired, as it has in this case.").

For all of these reasons, Plaintiff's defamation claim against the County Defendants is dismissed.

    **C.**    **Whether Plaintiff's Intentional-Infliction-of-Emotional-Distress Claim Against the County Defendants Should Be Dismissed**

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in the County Defendants' memoranda of law. *See, supra,* Parts I.B.1. and I.B.3. of this Decision and Order. To that analysis, the Court would add only two points.

First, Plaintiff's (conclusory) allegation that she suffered "emotional distress" due to conduct by the County Defendants is rendered implausible by the following factual allegations: (1) at the time her position was abolished, another individual's position was laid off for reasons that are not alleged to be related to any statements by Defendant Gressler (Dkt. No. 1, Attach. 1, at ¶¶ 32-33 [Plf.'s Compl.]); (2) the day before her contract with the County was cancelled, Plaintiff was appointed by the City of Little Falls as the City's official (not merely acting) Tax Assessor (*id.* at ¶¶ 34-36); (3) the reason publicly offered by the County for its action was budgetary (*id.* at Ex. 7); (4) any knowledge by Plaintiff of communications between Defendant

13

Gressler and the County Defendants was based merely on Plaintiff's "information and belief" (*id.* at ¶¶ 30, 35); and (5) any outrage experienced by Plaintiff pre-dated by many months the dissolution of her position by the County Defendants, and was attributed to the effort of Defendant Gressler in trying to oppose her determination that the three "YMCA properties" did not qualify for tax exempt status (*id.* at Ex. 8).

Second, again, as an alternative ground for the dismissal of this claim, the Court relies on the County Defendants' notice-of-claim argument.

For all of these reasons, Plaintiff's intentional-infliction-of-emotional-distress claim against the County Defendants is dismissed.

**ACCORDINGLY**, it is

**ORDERED** that the County Defendants' motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED**, and Plaintiff's claims against the County Defendants are **DISMISSED**.[4]

Dated: September 15, 2014
    Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[4] The Court notes that, after briefing was completed on the County Defendants' motion, Plaintiff and Defendant Gressler filed a Stipulation of Dismissal as to Plaintiff's claims against Defendant Gressler only, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). (Dkt. No. 31.) Because such a dismissal requires the signature of "all parties who have appeared" in the action, and because the County Defendants did not sign that Stipulation of Dismissal, the dismissal of Plaintiff's claims against Defendant Gressler was unable to take effect, until the issuance of this Decision and Order. The Clerk is now directed to terminate Defendant Gressler as a party to this action.